**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**GREGORY BAUMGARTNER** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 1:26-cv-00132-LG-BWR**

**WERNER CO. AND JOHN DOES 1-10** **DEFENDANTS**

## SUPPLEMENTAL ANSWER AND DEFENSES OF WERNER CO.

Defendant, Werner Co., by and through counsel, responds to the Complaint exhibited against it, supplementing its prior answer (Doc. 2 & 28), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted as to this Defendant and should be dismissed pursuant to Miss. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

This Court lacks personal jurisdiction over Werner.

### THIRD DEFENSE

Without waiving the above and foregoing defenses, Defendant Werner Co. responds to the Complaint filed against it, paragraph by paragraph, as follows:

### ANSWER

### PARTIES

1. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 1 and, therefore, denies the same.

2. Defendant admits it is a corporation incorporated in Delaware and has its principal office in Illinois. The remaining allegations of paragraph number 2 are denied.

3. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 3 and, therefore, denies the same.

**JURISDICTION AND VENUE**

4. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 4 and, therefore, denies the same.

5. The allegations of paragraph number 5 are denied.

6. The allegations of paragraph number 6 are denied.

**FACTUAL BACKGROUND**

7. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 7 and, therefore, denies the same.

8. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 8 and, therefore, denies the same.

9. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 9 and, therefore, denies the same.

10. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 10 and, therefore, denies the same.

11. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 11 and, therefore, denies the same.

12. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 12 and, therefore, denies the same.

13. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 13 and, therefore, denies the same.

14. The allegations of paragraph number 14 are denied.

15. The allegations of paragraph number 15 are denied.

## CAUSE OF ACTION

### COUNT I – VIOLATION OF MISSISSIPPI'S PRODUCT LIABILITY ACT

### (MISS. CODE ANN. §11-1-63)
### DESIGN DEFECT

16. Defendant incorporates by reference its responses to the allegations of paragraphs 1-15 as though set forth herein.

17. The allegations of paragraph number 17 are denied.

18. The allegations of paragraph number 18 are denied.

19. It is admitted that Werner Co. is in the business of designing, manufacturing and distributing ladders. The remainder of the allegations of paragraph 19 are denied.

20. This defendant is without sufficient information to either admit or deny the allegations of paragraph number 20 and, therefore, denies the same.

21. The allegations of paragraph number 21 are denied.

22. The allegations of paragraph number 22 are denied.

### COUNT II – VIOLATION OF MISSISSIPPI'S PRODUCT LIABILITY ACT

### (MISS. CODE ANN. § 11-1-63)
### FAILURE TO WARN

23. Defendant incorporates by reference its responses to the allegations of paragraphs 1-22 as though set forth herein.

24. The allegations of paragraph number 24 are denied.

25. The allegations of paragraph number 25 are denied.

26. The allegations of paragraph number 26 are denied.

27. The allegations of paragraph number 27 are denied.

28. The allegations of paragraph number 28 are denied.

29. The allegations of paragraph number 29 are denied.

**COUNT III - NEGLIGENCE**

30. Defendant incorporates by reference its responses to the allegations of paragraphs 1-29 as though set forth herein.

31. The allegations of paragraph number 31 are denied, as phrased.

32. The allegations of paragraph number 32, including subparts a. through g., are denied.

33. The allegations of paragraph number 33 are denied.

34. The allegations of paragraph number 34 are denied.

35. The allegations of paragraph number 35 are denied.

36. The allegations of paragraph number 36 are denied.

**COUNT IV – BREACH OF EXPRESS AND IMPLIED WARRANTIES**

37. Defendant incorporates by reference its responses to the allegations of paragraphs 1-36 as though set forth herein.

38. The allegations of paragraph number 38 are denied.

39. The allegations of paragraph number 39 are denied.

40. The allegations of paragraph number 40 are denied.

**COUNT V – BREACH OF WARRANTY OF MERCHANTABILITY**

41. Defendant incorporates by reference its responses to the allegations of paragraphs 1-40 as though set forth herein.

42. The allegations of paragraph number 42 are denied.

43. The allegations of paragraph number 43 are denied.

44. The allegations of paragraph number 44 are denied.

45. The allegations of paragraph number 45 are denied.

**COUNT VI – NEGLIGENT MISREPRESENTATION**

46. Defendant incorporates by reference its responses to the allegations of paragraphs 1-45 as though set forth herein.

47. The allegations of paragraph number 47 are denied.

48. The allegations of paragraph number 48 are denied.

49. The allegations of paragraph number 49 are denied.

50. The allegations of paragraph number 50 are denied.

51. The allegations of paragraph number 51 are denied.

**COUNT VII – ACTS OF NEGLIGENCE OF DEFENDANTS JOHN DOES 1-10**

52. Defendant incorporates by reference its responses to the allegations of paragraphs 1-51 as though set forth herein.

53. The allegations of paragraphs number 53 are denied as to this defendant.

**DAMAGES**

54. Defendant incorporates by reference its responses to the allegations of paragraphs 1-53 as though set forth herein.

55. The allegations of paragraph number 55 are denied as to this defendant.

56. The allegations of paragraph number 56, including subparts a. through h., are denied.

57. The allegations of paragraph number 57 are denied.

The allegations of the unnumbered paragraph beginning "WHEREFORE, . . ." are denied, and it is further denied Plaintiff is entitled to any judgment or any award of damages against Defendant.

**FOURTH DEFENSE**

To the extent applicable, Plaintiff's claims are barred by the Mississippi Product Liability Act ("MPLA"), Miss. Code Ann. §11-1-63. Further and alternatively, this defendant pleads all defenses available to it under the MPLA.

**FIFTH DEFENSE**

Defendant asserts the defense of all applicable statutes of limitation and statutes of repose.

**SIXTH DEFENSE**

To the extent Plaintiff or other intermediaries were a sophisticated user of the product at issue, learned intermediary, and/or had adequate and/or superior knowledge of any danger/risk in the matters at suit, and/or had statutory, regulatory or common law duties to address any such damages/risks, liability against this defendant is precluded.

**SEVENTH DEFENSE**

Plaintiff knowingly and voluntarily assumed the risk. Further, Plaintiff knew or should have known of the conditions, dangers and/or risks associated with the matters at suit, which were open and obvious – all precluding liability here.

**EIGHTH DEFENSE**

Plaintiff was contributorily and/or comparatively negligent. Alternatively, the acts of Plaintiff were the sole proximate cause or a proximate contributing cause of the injuries and damages alleged.

**NINTH DEFENSE**

The acts of others for whom this defendant is not responsible, were the sole proximate cause or a proximate contributing cause of the injuries and damages alleged by Plaintiff.

**TENTH DEFENSE**

The damages and/or injuries to Plaintiff were the result of an intervening and superseding act or omission by others over whom this defendant had no control.

**ELEVENTH DEFENSE**

Defendant invokes the provisions of Miss. Code Ann. § 85-5-7. Defendant asserts and alleges the acts, omissions, fault and/or negligence of others, including but not limited to Plaintiff's employers or coworkers or any other unnamed parties. The defendant reserves its right (i) to request apportionment of fault or liability to such persons or entities to the extent their acts or omissions contributed to the injuries or damages sought, and/or (ii) for a set-off and/or credit in the amount of any settlement or compromise reached by Plaintiff with any person or entity relative to the matters at suit.

**TWELFTH DEFENSE**

Plaintiff's misuse or abnormal or improper use of the product referred to in the Complaint proximately caused or contributed, in whole or in part, to the damages or injuries alleged.

**THIRTEENTH DEFENSE**

The defendant specifically asserts lack of a feasible design alternative pursuant to Miss Code Ann. 11-1-63(f)

**FOURTEENTH DEFENSE**

Defendant invokes all state-of-the-art defenses applicable to Plaintiff's claims.

**FIFTEENTH DEFENSE**

Defendant asserts Plaintiff failed to mitigate his damages, if any.

**SIXTEENTH DEFENSE**

To the extent necessary and applicable, Defendant assert all defenses and protections afforded by Miss. Code Ann. §11-1-65.

**SEVENTEENTH DEFENSE**

Defendant asserts the exclusivity of any applicable workers' compensation laws.

**EIGHTEENTH DEFENSE**

Defendant asserts the "open and obvious" defense.

**NINETEENTH DEFENSE**

Defendant asserts that the ladder at issue was altered or damaged after it left the control of this defendant due to no fault of this defendant.

**TWENTIETH DEFENSE**

The defendant pleads all limitations of liability and damage under both any express warranty as well as under the UCC Article 2, Miss. Code Ann. 75-2-101 et. seq.

**TWENTY-FIRST DEFENSE**

The defendant pleads all disclaimers of liability or damage under both any express warranty as well as under the UCC Article 2, Miss. Code Ann. 75-2-101 et. seq.

**TWENTY-SECOND DEFENSE**

The defendant pleads failure to comply with the notice provisions of 2-607 of the UCC.

**TWENTY-THIRD DEFENSE**

The defendant pleads lack of privity.

**TWENTY-FOURTH DEFENSE**

The defendant pleads all terms and provisions of any express warranty which serve to limit, disclaim or avoid liability or damage – or which otherwise serve as a matter of avoidance or limitation. The defendant further asserts all procedural provisions of any express warranty relative to venue, forum, service, limitation of time or otherwise.

**TWENTY-FIFTH DEFENSE**

To the extent it seeks exemplary or punitive damages, the Complaint violates the rights of Defendant to procedural due process under the Fourteenth Amendment to the United States Constitution and to due process under Section Fourteen of the Mississippi Constitution.

**TWENTY-SIXTH DEFENSE**

To the extent it seeks punitive or exemplary damages, the Complaint violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and in Section Fourteen of the Mississippi Constitution.

**TWENTY-SEVENTH DEFENSE**

To the extent it seeks punitive or exemplary damages, the Complaint violates the rights of the Defendant under Section Sixteen of the Mississippi Constitution.

**TWENTY-EIGHTH DEFENSE**

To the extent it seeks punitive or exemplary damages, the complaint violates the rights of the defendant under Section Seventeen of the Mississippi Constitution.

**TWENTY-NINTH DEFENSE**

The scheme of punitive damages as implemented in Mississippi violates Defendant's right to procedural due process under the Fourteenth Amendment to the United States Constitution and

the right of the defendant to equal protection under the laws as guaranteed by the United States Constitution.

**THIRTIETH DEFENSE**

Defendant reserves the right to assert and enforce any applicable arbitration provision.

**THIRTY-FIRST DEFENSE**

Defendant intends to rely upon any other defense that may become apparent or available during the course of the litigation and reserves the right to amend the answer to assert any such defenses.

**THIRTY-SECOND DEFENSE**

Alternatively, Plaintiff's claims against this Defendant are precluded because the Werner entity named as Defendant in this suit did not design, manufacture, assemble, sell, supply, or distribute the ladder at issue. This Defendant denies that it is liable for the acts, omissions, products, debts, liabilities, or obligations of any prior "Werner" entity – whether as a successor, predecessor, or otherwise.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the bankruptcy proceedings involving prior "Werner" entities, including the orders entered by the United States Bankruptcy Court approving the sale and transfer of assets free and clear of claims, interests, liens, and liabilities – and related documents. This Werner defendant did not assume and does not have liability for claims, and specifically the claim at suit, arising from products manufactured, sold, or distributed by a separate entity. In re Werner Holding Co. (DE), Inc., et al. Bankruptcy Court for the District of Delaware Case No. 06-10578 (KJC) (filed June 12, 2006).

**THIRTY-FOURTH DEFENSE**

To the extent applicable, Plaintiff's claims are barred, discharged, enjoined, limited, or otherwise affected by the United States Bankruptcy Code and by the orders and judgments entered in the bankruptcy proceedings involving prior or other "Werner" entities, including the documents related thereto. This Defendant asserts and preserves all defenses and protections arising from the United States Bankruptcy Code, applicable sale orders, confirmation or discharge orders, asset-purchase agreements, injunctions, and other orders, judgments or related documents entered in or related to those proceedings, including, without limitation, any applicable discharge or injunction against the assertion or enforcement of the claims alleged in this action. In re Werner Holding Co. (DE), Inc., et al. Bankruptcy Court for the District of Delaware Case No. 06-10578 (KJC) (filed June 12, 2006).

WHEREFORE, PREMISES CONSIDERED, Defendant Werner Co. requests that the claims made in Plaintiff's Complaint be dismissed, fully and finally, with prejudice, and that Defendant Werner Co. be awarded all costs, fees and expenses incurred relative to this matter, including attorneys' fees.

Respectfully submitted, this the 4th day of November 2026.

WERNER CO.

BY: *<u>/s/ Michael Gwin</u>*
MICHAEL O. GWIN

OF COUNSEL:

MICHAEL O. GWIN (MSB # 5086)
COREY D. HINSHAW (MSB # 101520)
WATKINS & EAGER PLLC
400 East Capitol Street
Suite 300, Emporium Building
Post Office Box 650
Jackson, Mississippi 39205
Tel: (601) 965-1900
Fax: (601) 965-1901
mgwin@watkinseager.com
chinshaw@watkinseager.com